FILED BY_____ ᘓᗷ _D.C.

MAR 27 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Sydia Spence
Plaintiff, pro se
8001 NW 66th Terrace
Tamarac, FL  33321
snspence75@gmail.com

U.S. District Court
For the Southern District of Florida
299 E Broward Blvd, Fort Lauderdale, FL 33301

| | |
|---|---|
| SYDIA SPENCE, Plaintiff, pro se, <br><br> v. <br><br> Denis Richard McDonough, Secretary, U.S. Department of Veterans Affairs, Defendant. | Docket No.:  23-cv-60594-AMC |

## COMPLAINT

This is an employment-related action for violations of the Plaintiff's rights granted under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII").  Plaintiff was discriminated and retaliated against based on her color and national origin when she was not selected for a lateral transfer to a virtual, telehealth position in the different region.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to the Title VII of the Civil Rights Act of 1964, as codified, 42 U. S. C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

2.      The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of the U.S. Department of Veterans Affairs.  The claims arise

1

from events that took place between November 2021 and April 2022 in the facility located in Miami, Florida.

PARTIES

3.      The Plaintiff, pro se, Sydia Spence, is an adult individual who has a mailing address of 8001 NW 66th Terrace, Tamarac, FL 33321. Her email address is: snspence75@gmail.com.

4.      The Defendant, Denis Richard McDonough, is Secretary, U.S. Department of Veterans Affairs at the Headquarter located at 810 Vermont Avenue, NW, Washington, DC. 20420.

5.      Since 2017 Leslie G. Caesar, RN IV, was Chief Nurse, Ambulatory Care, Miami Veterans Affairs Healthcare System (VAHS), Miami, Florida in VISN 8.

6.      Between October 2018 and April 8, 2022, Betty Valeros, RN III, was Nurse Manager for Broward Outpatient Clinic and Northern CBOCs, Miami VAHS, Miami, Florida in VISN 8.

7.      Since January 2, 2022, Phyllis A. Hearne, RN III, was Outpatient Nurse Manager for the National EHRM Supplemental Staffing Unit (NESSU) at Robley Rex VA Medical Center, Louisville, KY in VISN 9.

8.      Since January 2020 Kathryn ("Kacey") Frederick was HR Specialist; and since May 23, 2021, she was LEAD Recruitment & Placement Human Resources Specialist, GS-13, at VISN 9, MidSouth, U.S. Department of Veterans Affairs.

9.      The Department of Veterans Affairs is in commerce for the purposes of Rehabilitation Act, Title VII of Civil Rights Act of 1964 and qualifies as an employer within the meaning of the statute and regulations at issue in this case.

## STATEMENT OF FACTS

10.     The Plaintiff, pro se, Sydia Spence is an African American, whose national origin is Jamaica.

11.     Since 2012 Plaintiff was employed as Registered Nurse, Level II, at William "Bill" Kling Outpatient Clinic, Nursing Department, Miami VAHS, located at 9800 Commercial Blvd., Sunrise, FL, 33351.

12.     At the time of incidents giving rise to this matter, Plaintiff was a PACT Care Manager – Bravo 5, William Bill Kling Clinic, Miami VAHS, Sunrise, Florida.

13.     Between October 2018 and April 8, 2022, Betty Valeros was Plaintiff's first-level supervisor.

14.     Betty Valeros is African American, whose national origin is Haiti.

15.     On or about November 18, 2021, Betty Valeros rated Plaintiff "Low Satisfactory" on the annual Proficiency Report for the performing period between October 30, 2020, and October 29, 2021.[1]

    a.     Sometime in January 2022, Plaintiff received the Proficiency Report.

    b.     Plaintiff was not warned of her performance deficiency until receipt of the Proficiency Report.

    c.     Plaintiff was not provided with any records Valeros relied upon, if any, for issuing "Low Satisfactory" rating.

    d.     On April 6, 2022, Betty Valeros was instructed by her superior, Leslie G. Caesar, to change Plaintiff's and several other RN's performance ratings to Satisfactory on

---

[1] This statement is not alleged as an allegation in the instant civil action, as it was raised untimely in Plaintiff's EEO complaint, 2001-546-2022-145235. This issue is referenced here as background information.

account of Valeros not meeting with her subordinates and trying to help them to improve the purported performance deficiencies.

e.      The ratings had to be changed also, as grieved by the union, due to the fact that an individual RN cannot be held accountable for the collective PACT (Patient Aligned Care Team) scores that involve teamwork of RN, LPN, Physician, Clerks, nutritionist, pharmacist, and social worker.

f.      Due to Low Satisfaction rating of November 2021, Plaintiff forfeited her opportunity to submit to the Nursing Professional Standard Board for a promotion to Level III RN.

g.      The prior rating issued by Betty Valeros in late 2020, too, had to be changed to "Satisfactory" for Plaintiff as well as for many other RN's for the same similar reasons cited above.

*Particulars of Allegations*

16.      Based on her color (Dark Brown) and national origin (Jamaica), Plaintiff was discriminated against when:

a.      On February 16, 2022, Kathryn Fredrick, LEAD Recruitment & Placement Human Resources Specialist, informed Plaintiff via email that the previous tentative job offer made to Plaintiff for the virtual RN II position at NESSU [National EHRM Supplemental Staffing Unit] Outpatient (vacancy no. CBFF11231881-21-EJ), was rescinded.

i.      On September 16, 2021, Plaintiff applied for virtual NESSU [National EHRM Supplemental Staffing Unit] Outpatient Registered Nurse II position (vacancy no. CBFF11231881-21-EJ)--a lateral transfer to VISN 9 in 100% telework capacity.

ii.      On November 12, 2021, Plaintiff interviewed for the position.

4

iii.      On November 19, 2021, Phyllis A. Hearne, Facility Telehealth Coordinator, Nurse Manager-Home Telehealth and Telemedicine, informed Plaintiff via email that Plaintiff was "one of our top candidates" and wanted to make sure that Plaintiff was still interested in pursuing the NESSU RN telehealth position.

iv.      On December 8, 2021, Kathryn Frederick, HR Specialist, emailed Plaintiff, tentatively offering the position.

v.      On December 16, 2021, Phyllis A. Hearne emailed Plaintiff, welcoming her to NESSU.

vi.      On December 30, 2021, Phyllis A. Hearne emailed Plaintiff, asking her to fill out the top part of the Onboarding Checklist.

vii.      Plaintiff was one of the 10 individuals scattered nationwide, to whom the email was sent, including Annarika Seecharan, who is light skinned with the national origin of Trinidad, RN II, who was also employed at the time at Miami VAHS, reporting to Betty Valeros—the same first-level supervisor to whom Plaintiff too reported in the same VAHS.

viii.      On January 5, 2022, Chasity Lade, Technology Program Technician, NESSU, VISN 9, regarding ordering the IT equipment for Plaintiff's telehealth care work. She indicated that Plaintiff and Annarika Seecharan were to be on board starting January 16, 2022.

ix.      On January 6, 2022, at 10:09 AM Plaintiff received a Microsoft Teams message from Phyllis Hearne, stating that she (Hearne) spoke with another supervisor (Robyn Bolgla), thinking that that person was Plaintiff's supervisor, and asked for Plaintiff's supervisor's contact information again.

x.      'At 10:14 AM, January 6, 2022, Plaintiff identified Betty Valeros to Phyllis Hearne as her first level supervisor. This was the third time Plaintiff provided Valeros' name to Hearne.

xi.      Prior to January 6, 2022, Plaintiff provided the following three names as

5

reference: Betty Varelos, Cassandra Jackson, and Robyn Bolgla, as Hearne asked for three references.

xii. Robyn Bolgla was a physical therapist, who worked with Plaintiff many times in addition to being a union representative.

xiii. Sometime after 10:14 AM on January 6, 2022, Phyllis Hearne spoke with Betty Valeros by telephone and recorded what she heard in V09 CRH VAHS Employment Reference form as follows (as a part of reference check), after marking "No" on the question: "If you had a vacancy for which the individual was qualified, would you re-employ him/her?":

I would not re-hire her.

She has not met PACT HEDIS scores. PACT RN uses data driven reports to meet qualifications and she has not met these... Also [she] has not met Clinical Care Managers CC note nor VVC 1 per day status for last 2 years. "She refuses to do as she is directed, all other PACT RNs at her level are able to meet measures [but] she will not meet these attainable goals." [She was] given Low Satisfactory Performance eval[uation] year before last... This past year... she again failed to meet standards and she was given a Low Satisfactory rating, which held this time.

xiv. An individual RN cannot be held responsible for the collective PACT HEDIS scores, as the scores are produced as a result of collective teamwork involving RN, LPN, physician, clerks, nutritionist, pharmacist, and social worker.

xv. As already stated, On April 6, 2022, Betty Valeros changed Plaintiff's performance rating to Satisfactory, after her superior, Leslie G. Caesar, instructed her to do so on account of Valeros not meeting with Plaintiff and trying to help her to improve the purported performance defect.

xvi. On January 6, 2022, Leslie Caesar, Chief Nurse, sent Plaintiff an email notifying that Plaintiff and Annarika Seecharan would not start on January 18, 2022, on the new telehealth position but that the transfer would be delayed.

xvii. On February 16, 2022, at 8:47 AM Plaintiff emailed Phyllis Hearne and Kathryn Frederick, inquiring about "the status of the [job] position [she] accepted."

xviii. In response, on February 16, 2022, Kathryn Fredrick emailed

Plaintiff stating: "your references were carefully reviewed..., and based on the information provided, it was determined to be unfavorable for Federal Employment at this time."  Frederick further stated: "Therefore, we are rescinding our offer of employment."

xix.     Later, in her February 16, 2022, at 12:37 PM email, Frederick clarified: "You were not deemed unfavorable for Federal employment.  However, the reference received was deemed unfavorable for employment in this NESSU RN position.... a reference check was determined unfavorable to move forward with a Firm Job offer for this position." ROI 000073.

xx.     On February 16, 2022, when Plaintiff sought to obtain records upon which Valeros provided "unfavorable reference," Frederick responded on February 22, 2022, by referring her to "ROI/Privacy officer."

xxi.     Another reason cited for the non-selection was that Plaintiff allegedly did not provide Betty Valeros' name prior to January 6, 2022, as her reference and as her first-level supervisor.

xxii.     Plaintiff did provide Valeros' name as her reference and as her first-level supervisor prior to January 6, 2022.

xxiii.     Annarika Seecharan, however, did not provide Valeros' name as her reference and as her first-level supervisor in her job application materials.

xxiv.     Annarika Seecharan was laterally transferred to the telehealth position—to the same position Plaintiff also sought but was not selected.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. On March 31, 2022, Plaintiff initiated EEO contact.

7

18. On May 16, 2022, Plaintiff filed a formal EEO complaint (200I-546-2022-145235).

19. On December 29, 2022, Defendant issued the Final Agency Decision.

<u>REMEDIES and RELIEF</u>

20. Plaintiff seeks immediate placement to a virtual telehealth position for which she qualified—a 100% remote work from home.

<u>NO JURY DEMAND</u>

21. The Plaintiff, pro se, requests a bench decision on all issues in this action.

WHEREFORE, the Plaintiff pray for a judgment in her favor and against the Defendant.

Respectfully Submitted,

Sydia Spence
Plaintiff, pro se
8001 NW 66th Terrace
Tamarac, FL  33321
snspence75@gmail.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the documents specified below were served on the entity identified below on the date of the signature below by means indicated below:

U.S. District Court
For the Southern District of Florida
299 E Broward Blvd, Fort Lauderdale, FL 33301


    Via Hand-delivery


Complaint
Check or money order: $402.00.
Summons (3 different copies)
Civil Cover Sheet


March 27, 2023

*Sydia Spence*

Sydia Spence
Plaintiff, pro se
8001 NW 66th Terrace
Tamarac, FL  33321
snspence75@gmail.com

9